IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BILLY F. RAGUS                                                    PLAINTIFF

V.                              NO. 11-3082

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Billy F. Ragus, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on June 2, 2009, alleging an

inability to work since August 1, 2008, due to "Depression, memory loss, ddd chronic pain,

heart, prob, back, neck problems, and high blood pressure."  (Tr. 143, 160).  An administrative

hearing was held on October 28, 2010, at which Plaintiff appeared with counsel, and he, his wife,

and father testified.  (Tr. 26-64).

By written decision dated December 20, 2010, the ALJ found Plaintiff had the following

severe impairments: obesity, mood disorder, back disorder, carpal tunnel syndrome, and

hypertension. (Tr. 11). However, after reviewing all of the evidence presented, he determined

that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed

in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4 (Tr. 12). The

ALJ found that Plaintiff had the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can do work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision required is simple, concrete and direct. The claimant can occasionally climb, balance, crawl, kneel, and stoop. He cannot do repetitive flexion and/or extension of the wrists. He can occasionally lift and/or carry 10 pounds and frequently less. He can sit for 6 hours and stand and/or walk for 2 hours. He can occasionally work overhead.

(Tr. 13). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was unable

to perform his past relevant work. (Tr. 18). However, the ALJ determined that there were other

jobs in the national economy that Plaintiff would be able to perform, such as escort vehicle driver

and surveillance system monitor. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on July 20, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc.

1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both

parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

-2-

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following arguments on appeal: 1) The ALJ's determination of Plaintiff's RFC is not supported by substantial evidence; 2) The ALJ erred in failing to find Plaintiff's neck disorder a severe impairment; and 3) The ALJ erred in failing to make any discussion at step three of the sequential evaluation process of whether Plaintiff's back condition met the "1.05(C)"[1] listing.

**A.    Plaintiff's RFC:**

Plaintiff asserts that the RFC given by the ALJ is not supported by substantial evidence as it fails to account for Plaintiff's experience/perception of pain; that the assessment of Plaintiff's examining physician, Dr. Shannon Brownfield, and Plaintiff's nurse practitioner, Rhonda Beard, were erroneously dismissed; and that the RFC ignores the balance of the record which supports the assessments of the two examining/treating sources.  (Doc. 8).

RFC is the most a person can do despite that person's limitations.  20 C.F.R. §

---

[1]As noted by Defendant, Plaintiff erroneously refers to the 1.05(C) listing as the proper listing for disorders of the spine.  The actual listing for disorders of the spine is found in listing 1.04.

404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ discussed all of Plaintiff's impairments in detail, including the medical records addressing those impairments.  With respect to Plaintiff's allegations of pain, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 15).  The ALJ acknowledged Plaintiff's allegations of pain in his back, neck, shoulders, hands, ankles, knees, chest, feet, and migraine headaches, and the fact that Plaintiff stated he used a brace and crutches occasionally.  However, the ALJ concluded that Plaintiff's allegations were not supported by the longitudinal medical record, including the consultative examination conducted in September of 2009 and the x-rays.  (Tr. 15-16).  The ALJ noted, as did non-examining consultant, Dr. Ronald Crow, who examined the records and completed the Physical RFC Assessment on October 27, 2009, that there were gaps in Plaintiff's medical records, when

-5-

Plaintiff sought no medical treatment. (Tr. 16). For example, Plaintiff presented himself to LSU HSC Medicine Clinic on August 2, 2007, and did not seek treatment again until February 26, 2008, with Dr. Rolland Lee Bailey. (Tr. 277, 373). Plaintiff presented himself to LSU HSC Neurology Clinic on May 6, 2008, and did not present himself for treatment again until July 8, 2009, with Dr. Rolland Lee Bailey. (Tr. 274, 372). Although the Plaintiff stated that he occasionally used crutches and a brace, there is no indication in the record that these devices were prescribed, although Plaintiff and his wife both indicated they were. These factors are all indicative of less than disabling pain, and the Court believes there is substantial evidence to support the ALJ's RFC findings in this regard.

Plaintiff argues that the ALJ should have given more weight to the opinion of consulting examiner Dr. Shannon Brownfield and to the letter written by Rhonda Beard, a nurse practitioner. Dr. Brownfield conducted a general physical examination on September 24, 2009, and opined that Plaintiff was severely limited in staying in prolonged positions, in lifting, stooping and using his neck. (Tr. 336). In a June 25, 2008 letter, Ms. Beard opined that Plaintiff would not be able to perform duties of a part-time or full-time job. (Tr. 288-289).

In his decision, the ALJ indicated that he gave less weight to Dr. Brownfield's opinion, as her opinion was not supported by the objective medical evidence. He also considered, but gave little weight to Ms. Beard's opinion, as she was not an acceptable medical source, and her statement was not supported by the medical records as far as the Plaintiff's functional abilities. (Tr. 18).

The Court finds that the ALJ's RFC took into consideration all of the limitations which were supported by the record. Therefore, the Court finds there is sufficient evidence to support

AO72A
(Rev. 8/82)

the ALJ's RFC findings.

**B.    Impairments:**

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § § 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

On May 6, 2008, Plaintiff was diagnosed with, inter alia, neck pain - neuroforaminal stenosis.  (Tr. 274).  On November 6, 2009, Plaintiff was seen by Dr. Boyd Crockett at Southwest Spine and Sports Medicine, complaining of neck pain, low back pain, and knee pain. (Tr. 358-360).  Dr. Crockett found that Plaintiff was morbidly obese, and had normal muscle tone; that he had diffuse tenderness in his head and neck, but had functional range of motion; had limited range of motion and diffuse tenderness in his lumbar spine; had no focal atrophy or weakness in his bilateral upper extremities; had no focal atrophy or weakness in his bilateral lower extremities, and had left ankle had significant tenderness and decreased range of motion; had bilateral joint line tenderness in his knees; and had an antalgic gait.  (Tr. 358-360).  Plaintiff also had negative straight leg raising and negative Spurling's test.  (Tr. 359).  Dr. Crockett assessed Plaintiff with syndrome, chronic pain; somatic dysfunction, spine, cervical-thoracic-lumbar; knee pain - bilateral-likely underlying degenerative changes; ankle pain - left - previous fractures with underlying degenerative changes.  (Tr. 360).  Dr. Crockett indicated that Plaintiff

AO72A
(Rev. 8/82)

may need an inflammatory arthritis workup, and he discussed weight loss and bariatric surgery, which was limited secondary to lack of insurance.  (Tr. 360).  Dr. Crockett also encouraged Plaintiff to swim.  (Tr. 360).

The Court believes there is substantial evidence to support the conclusion that Plaintiff's neck pain was not severe, and the evidence does not suggest the existence of additional functional limitations that would impact Plaintiff's capacity to perform the limited range of sedentary work the ALJ specified.

**C.     Whether Plaintiff's back impairment met a listing:**

"The claimant has the burden of proving that his impairment meets or equals a listing." Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004).  "To meet a listing, an impairment must meet all of the listing's specified criteria."  Carlson v. Astrue, 604 F.3d 589, 594 (8th Cir. 2010).  "To establish equivalency, a claimant 'must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'"  Id. at 594, (quoting from Sullivan v. Zebley, 493 U.S. 521, 531 (1990)).    "[W]hen determining medical equivalency, an impairment can be considered alone or in combination with other impairments.  Carlson, 604 F.3d at 595.

The ALJ discussed at length the medical records relating to Plaintiff's back, and stated that Plaintiff's severe impairments did not meet the criteria of any listed impairments, and that no treating or examining physician mentioned findings equivalent in severity to the criteria of any listed impairment. (Tr. 12).  The ALJ also stated that the evidence failed to show medical findings that were the same or equivalent to those of any listed impairment of the Listing of Impairments.

-8-

Listing 1.04 specifies the following criteria:

> Listing 1.04 - *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.
>
> With:
>
>  A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B.  Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours:
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

Plaintiff argues that physicians at LSU diagnosed cervical spinal stenosis, and Dr. Brownfield diagnosed Plaintiff with spondylosis of the lumbar and cervical spine with corresponding limitations in the range of movement of the spine.

As urged by Defendant, there is no medical evidence indicating compromise of a nerve

-9-

root or the spinal cord.  There is also no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication.  In addition, in November of 2009, it was noted that Plaintiff's straight-leg-raising tests were negative.

The Court finds that Plaintiff has not met his burden of establishing that his back impairment, alone or in combination with other impairments, met or medically equaled Listing 1.04.

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 15th day of October, 2012.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
 UNITED STATES MAGISTRATE JUDGE

-10-